1
2
3
4
5
6
7
8                   IN THE UNITED STATES DISTRICT COURT

9                 FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11  GLENDA F. WILLIAMS,                       No. C 05-2105 CW

12            Plaintiff,                       ORDER DENYING
                                              DEFENDANT'S MOTION
13       v.                                   TO DISMISS AND
                                              ORDERING DEFENDANT
14  LILLY DUONG,                              TO PAY FULL COST OF
                                              SERVICE
15            Defendant.

16  _____/

17

18       Defendant Lilly Duong, the only remaining defendant in this

19  action, moves to dismiss the third amended complaint.  The hearing

20  scheduled for June 7, 2007 is VACATED and the matter is submitted

21  on the papers.  Having considered all of the papers filed by the

22  parties, the Court denies Defendant's motion to dismiss.

23                             BACKGROUND

24       This action began on May 23, 2005, when Plaintiff filed her

25  original complaint and application to proceed in forma pauperis.

26  The defendants listed in the caption of her complaint were "Lilly

27  Dong [sic], Nanette Sparks and Gregory Fortner et al."  The Court

28

United States District Court
For the Northern District of California

granted Plaintiff's application to proceed <u>in forma pauperis</u> on

July 12, 2005.  Three days later, Plaintiff filed an amended

complaint as of right.

A deputy United States Marshal attempted to serve Defendants

personally by providing the complaint, amended complaint and other

documents to Tim Larson, the agent for service of process on

Defendants' employer, the San Francisco Housing Authority.  Mr.

Larson does not appear to be authorized to receive legal papers on

behalf of Defendants.  The Court's docket indicates that the

summons for the three Defendants were returned executed on

September 26, 2005.  <u>See</u> Docket Nos. 16, 17 and 18.

Although it was not named as a defendant, San Francisco

Housing Authority moved to dismiss Plaintiff's amended complaint.

On January 11, 2006, the Court granted that motion and instructed

Plaintiff that, if she wished to sue San Francisco Housing

Authority, she needed to file an amended complaint naming San

Francisco Housing Authority in the caption of the complaint and to

state a complaint against it.[1]  The order noted that, unless Mr.

Larson was authorized to receive legal papers on behalf of the

individual Defendants, the individual Defendants had not been

personally served.  The Court instructed the Clerk of the Court to

mail to Defendants a Notice of Lawsuit and Request for Waiver of

Service of Summons and copies of the original and amended

complaints.  The Court cautioned Defendants that Rule 4 of the

---

[1]Plaintiff did not amend her complaint to add San Francisco
Housing Authority as a defendant and the Court dismissed any claims
against it.

United States District Court
For the Northern District of California

Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and complaint. Defendants were warned that, if they failed to waive service of the summons, they would be required to bear the cost of service unless good cause was shown for their failure to sign and return the waiver form.

Defendants did not return the waiver form.  On April 3, 2006, the Court ordered the U.S. Marshal to serve Defendants personally. According to Docket No. 41, on April 12, 2006, a deputy U.S. Marshal personally served Defendant Duong with the summons and complaint.

On May 1, 2006, Defendants moved to dismiss Plaintiff's complaint for failure to state a claim upon which relief can be granted.  None of the Defendants argued that he or she was not properly served with the summons and complaint.

The Court granted Defendants' motion to dismiss.  Plaintiff was given leave to file a second amended complaint.  In addition, the Court ordered Defendants to file a statement showing good cause why they should not be required to bear the cost of service. Defendants did not, nor have they paid the cost of service.

Plaintiff filed a second amended complaint.  Defendants again moved to dismiss the complaint.  On October 4, 2006, the Court granted the motion and dismissed without leave to amend all claims against Defendants Sparks and Fortner.  The Court granted Plaintiff leave to amend her racial discrimination and due process claims

against Defendant Duong and instructed Plaintiff that any amended complaint must be filed and served on Defendant Duong's counsel within twenty days from the date of the order.

Plaintiff timely filed her third amended complaint. Plaintiff attempted to serve Defendant. According to the last page of Plaintiff's third amended complaint, on October 23, 2006, Andre Rene Patterson, a non-party over the age of eighteen, mailed the complaint to "Defendant's Counsel Daniel G. Cortgirht [sic], 550 Montgomery Street, Ninth Floor." The current address of the firm representing Defendant, and where Mr. Cortright works, is 601 Montgomery Street, Ninth Floor. The firm's prior address on record, however, was 550 Montgomery Street, Eighth Floor.[2]

DISCUSSION

Defendant argues that Plaintiff has failed to comply with Federal Rule of Civil Procedure 4(m) and this Court's October 4, 2006 order and, therefore, the Court should dismiss her third amended complaint.

Defendant's motion is without merit. Rule 4(m) provides the time limit for service of the summons and complaint. Because Plaintiff has been granted leave to proceed in forma pauperis, the Court undertakes service. 28 U.S.C. § 1915(d). According to Docket No. 41, pursuant to this Court's order, a deputy U.S. Marshal personally served Defendant. And, because the Court "shall issue and serve all process," id., even if Defendant had not been personally served, the Court would not dismiss Plaintiff's

---

[2]On January 20, 2006, Defendant's counsel filed a notice of change of address.

complaint for failure to comply with Rule 4(m).

Nor will the Court dismiss Plaintiff's third amended complaint for failure to comply with the October 4, 2006 order.  As noted above, Plaintiff made a good faith effort to comply with the order to serve Defendant's counsel.  Further, in Mr. Cartright's declaration, he does not claim not to have received the complaint; he merely states that neither Defendant nor her counsel were "personally served" with the third amended complaint.  The Court did not order Plaintiff to serve the third amended complaint personally on defense counsel.  Although the summons and complaint must be personally served, and according to the docket they were, subsequent amended complaints need only be mailed to Defendant or, if represented, her counsel.  See Employee Painters' Trust v. Ethan Enterprises, Inc., 480 F.3d 993, 1000 (9th Cir. 2007) (finding that, because Federal Rule of Civil Procedure Rule 5 and not Rule 4 applies, "service of the amended complaint was complete when plaintiffs sent it via first class mail").

CONCLUSION

For the foregoing reasons, the Court DENIES Defendant's motion to dismiss (Docket No. 61).  The Clerk shall send Defendant's counsel a copy of the third amended complaint.  Defendant has ten days from the date of this order to respond to the third amended complaint, either by filing an answer or by filing a Rule 12 motion.  Within ten days from the date of this order, Defendant shall pay the U.S. Marshal $49.50 for the cost of service and shall file a notice with the Court that she has paid.

1          A case management conference shall be held on Thursday, July

2    26, 2007 at 2:00 p.m.

3          IT IS SO ORDERED.

4                6/4/07

5    Dated: _____          _____

6                                             CLAUDIA WILKEN
                                              United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

WILLIAMS et al,

         Plaintiff,

  v.

DONG et al,

         Defendant.

_____/

Case Number: CV05-02105 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 4, 2007, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Randall Jayman Lee
Christi M. Gotvald
Daniel G. Cortright
Walsworth, Franklin, Bevin & McCall, LLP
601 Montgomery St.
9th Floor
San Francisco,  CA 94111-2612

Glenda F. Williams
P.O. Box 43415
Oakland,  CA 94624

Dated: June 4, 2007

Richard W. Wieking, Clerk
By: Sheilah Cahill, Deputy Clerk

United States District Court
For the Northern District of California