IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLENDA F. WILLIAMS,<br><br>        Plaintiff,<br><br>    v.<br><br>LILLY DUONG,<br><br>        Defendant.<br>                                          / | No. C 05-2105 CW<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND DENYING PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS |

Defendant Lilly Duong, the only remaining defendant in this action, moves to dismiss the third amended complaint. In response, pro se Plaintiff Glenda F. Williams filed a paper stating that she objects to the proceedings and requests a stay. She also filed a motion for judgment on the pleadings. The matter was taken under submission on the papers. Having considered all of the papers filed by the parties, the Court grants Defendant's motion to dismiss and denies Plaintiff's request for a stay and her motion for judgment on the pleadings.

                              BACKGROUND

On May 23, 2005, Plaintiff filed her original complaint and application to proceed in forma pauperis. The defendants listed in

United States District Court
For the Northern District of California

the caption of her complaint were "Lilly Dong [sic], Nanette Sparks and Gregory Fortner et al."  The Court granted Plaintiff's application to proceed in forma pauperis on July 12, 2005.  Three days later, Plaintiff filed an amended complaint as of right.

    Defendants moved to dismiss Plaintiff's complaint for failure to state a claim upon which relief can be granted.  The Court granted Defendants' motion to dismiss and granted Plaintiff leave to file a second amended complaint.  The Court instructed Plaintiff that her complaint must contain specific factual allegations regarding each Defendant that would enable the Court to conclude that a claim exists.

    Plaintiff filed a second amended complaint.  Defendants again moved to dismiss the complaint.  The Court granted the motion and dismissed without leave to amend all claims against Defendants Sparks and Fortner.  The Court granted Plaintiff leave to amend her racial discrimination and due process claims against Defendant Duong.  The Court explained that "Plaintiff may be able to state a racial discrimination claim against Duong if she combines her allegations that Duong took Plaintiff's paperwork with tissue and made a racially derogatory remark, with her allegations that Plaintiff qualified for Section 8 housing, that Duong took an action adverse to her because of her race, and that, if not for Duong's discriminatory act, Plaintiff would have received housing." October 4, 2007 Order at 8:1-7.  And the Court instructed Plaintiff that, under Civil Local Rule 10-1, a party filing an amended complaint must reproduce the entire proposed pleading and may not incorporate by reference any part of a prior pleading.  Thus,

2

Plaintiff was warned that if she wished "allegations from her initial complaint, FAC or SAC to be included in her claim against Duong, then she must repeat those allegations within her TAC." Id. at 17-19.

Plaintiff timely filed her third amended complaint. According to Plaintiff,

> Defendant Lilly Duong acted like she did not like African-Americans during the entire application process. Anytime a person picks up documents with a tissue she is clearly stating that she does not like African-Americans by using tissue. The Plaintiff did not use tissue when the Defendant Lilly Duong handed the Plaintiff any documents. That was a blatant statement made without uttering a single world to the Plaintiff.

Third Amended Complaint, p. 1.

Plaintiff further alleges that, because of Defendant's racial bias, Defendant denied Plaintiff subsidized housing and, thus, violated Plaintiff's rights under the due process clause of the Fourteenth Amendment and under the Sixth Amendment; in addition, Plaintiff accuses Defendant of violating 24 C.F.R. § 982.554. Plaintiff, however, provides no facts to support these allegations, nor does she include many of the allegations found in her first three complaints.

On June 13, 2007, Defendant filed a motion to dismiss Plaintiff's third amended complaint and served Plaintiff with the motion by mail. The notice of the motion stated that the matter would be heard on July 26, 2007, in Courtroom 2 located at 450 Golden Gate Avenue, San Francisco, California. On June 28, 2007, a week before Plaintiff's opposition was due, Defendant filed an amended notice of motion to dismiss, clarifying that the matter

3

would be heard on July 26, 2007, in Courtroom 2 located at 1301 Clay Street, Oakland, California. The amended notice was sent to Plaintiff by mail. The next day, the Deputy Clerk filed a notice taking Defendant's motion to dismiss under submission. The notice reminded Plaintiff that her opposition was due July 5, 2007; Defendant's reply was due July 12, 2007.

On July 5, 2007, the date her opposition was due, Plaintiff filed a paper stating, "I object to these proceedings." She attached the Deputy Clerk's notice, writing on it that she received the notice on July 2, 2007 and did not have enough time to respond formally. The notice, however, did not change the date by which Plaintiff's opposition was due; she had prior notice that her opposition was due on July 5, 2007. Plaintiff did not move for an extension of time to file her opposition, nor did she explain why she was unable to file timely her opposition. Rather, she just asked the Court to stay the proceedings without providing any explanation.

## LEGAL STANDARD

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). A plaintiff need not set out in detail the facts upon which he or she bases her claim; however, the plaintiff must "give the defendant fair notice of what the plaintiff's claim is and the grounds on which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957); Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007).

Although pro se pleadings are to be liberally construed, they

4

must allege facts sufficient to enable a reviewing court to conclude that a claim exists; vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss. Ivey v. Board of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982). As the Supreme Court recently explained, "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp., 127 S. Ct. at 1964-65 (inner citations and alteration omitted). Rather, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." Id. at 1965. All material allegations in the complaint, "even if doubtful in fact," are assumed to be true, id., and are construed in the light most favorable to the plaintiff. NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986).

When granting a motion to dismiss, a court is generally required to grant a plaintiff leave to amend, even if no request to amend the pleading was made, unless amendment would be futile. Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc., 911 F.2d 242, 246-47 (9th Cir. 1990). In determining whether amendment would be futile, a court examines whether the complaint could be amended to cure the defect requiring dismissal "without contradicting any of the allegations of [the] original complaint." Reddy v. Litton Indus., Inc., 912 F.2d 291, 296 (9th Cir. 1990).

5

Leave to amend should be liberally granted, but an amended complaint cannot allege facts inconsistent with the challenged pleading. Id. at 296-97.

## DISCUSSION

I. Defendant's motion to dismiss

Defendant argues that Plaintiff's third amended complaint, like her prior complaints, again fails to satisfy the minimal requirements of Rule 8. Noting that this is Plaintiff's fourth attempt to state a colorable claim, Defendant contends that Plaintiff's complaint should be dismissed without leave to amend for failure to state a claim upon which relief may be granted. To support this contention, Defendant relies, in part, on alleged facts outside the complaint. Defendant states that Plaintiff's Section 8 housing application was not denied by Defendant or anyone else. The Court, however, need not look to purported facts outside the third amended complaint to determine that Plaintiff has not stated a claim upon which relief can be granted.

As noted above, the Court gave Plaintiff guidance on how to amend her second and third amended complaints to state a cause of action against Defendant. The Court also warned Plaintiff that allegations in prior complaints could not be considered unless they were included in the third amended complaint. Plaintiff's third amended complaint, however, includes even fewer facts than her prior three complaints. It no longer, for example, alleges that Plaintiff submitted all of the necessary documents for, and qualified for, an emergency Section 8 housing voucher. Nor does it allege, like a prior complaint, that Plaintiff made a racially derogatory remark. It does not describe how Defendant allegedly

6

1  violated Plaintiff's due process rights or how Defendant allegedly
2  violated the Sixth Amendment and 24 C.F.R. § 982.554.

3  Plaintiff's third amended complaint again fails to allege
4  facts from which could be drawn the inference of individualized
5  causation necessary to state a claim based on racial discrimination
6  or a due process violation.  And Plaintiff was granted leave to
7  amend her racial discrimination and due process claims, not to add
8  a cause of action under 24 C.F.R. § 982.554.[1]  Therefore, the Court
9  dismisses Plaintiff's complaint because it fails to state any claim
10 upon which relief can be granted.  Because Plaintiff was previously
11 granted leave to amend her claims against Defendant with guidance
12 as to how to amend her claims, this dismissal is without leave to
13 amend.

14 II.  Plaintiff's motion for default judgment

15 Plaintiff argues that Defendant Lilly Duong, Nanette Sparks,
16 Gregory Fortner and the San Francisco Housing Authority are in
17 default because they have not filed answers to her complaint.

18 Plaintiff's argument is without merit.  The San Francisco
19 Housing Authority, Nanette Sparks and Gregory Fortner are no longer
20 parties to this case.  See January 26, 2006 Order (dismissing
21 claims against the San Francisco Housing Authority); October 4,
22 2006 Order (dismissing claims against Nanette Sparks and Gregory
23 Fortner).  Defendant Duong, the only remaining Defendant in this
24 case, filed a motion to dismiss, which the Court has granted.
25 Until the Court denied Defendant Duong's motion to dismiss, her
26 answer was not due.  See Fed. R. Civ. P. 12(a)(4)(A); William W

---

[1] Further, it is not clear whether a private cause of action exists under that regulation.

7

Schwarzer et al., Federal Civil Procedure Before Trial § 9:281 (2007).  Therefore, the Court denies Plaintiff's motion.

## CONCLUSION

For the foregoing reasons, the Court GRANTS WITHOUT LEAVE TO AMEND Defendant's motion to dismiss (Docket No. 68).  This action, however, is DISMISSED WITHOUT PREJUDICE to Plaintiff filing a paid complaint.  Plaintiff's request for a stay (Docket No. 71) is DENIED.  To be granted a stay, Plaintiff must explain why a stay is warranted; she does not.  Plaintiff's motion for judgment on the pleading (Docket No. 74) is DENIED.

The Clerk shall enter judgment, dismissing Plaintiff's claims against Defendant Duong.  Each party shall bear its own costs.  The Clerk shall close the case.

IT IS SO ORDERED.

Dated: 8/1/07

CLAUDIA WILKEN
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

WILLIAMS et al,

        Plaintiff,

  v.

DONG et al,

        Defendant.

Case Number: CV05-02105 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on August 1, 2007, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Randall Jayman Lee
Christi M. Gotvald
Daniel G. Cortright
Walsworth, Franklin, Bevin & McCall, LLP
601 Montgomery St.
9th Floor
San Francisco, CA 94111-2612

Glenda F. Williams
P.O. Box 43415
Oakland, CA 94624

Dated: August 1, 2007

                Richard W. Wieking, Clerk
                By: Sheilah Cahill, Deputy Clerk